UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                                                                          Case No.: 3:24-cr-00081-SRU-1

MARQUES ISIAH LINDSAY

## ORDER FOR COMPETENCY EVALUATION

Marques Isiah Lindsay ("Lindsay") was initially indicted on April 16, 2024 for one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. No. 1. On April 28, 2025, Lindsay filed a motion for a hearing to decide whether to order an evaluation of his competency. Doc. Nos. 25, 27. In his motion, Lindsay states that he asked his defense counsel to seek a competency evaluation. Doc. No. 25 at 1. Additionally, Lindsay submits with his motion a forensic psychological evaluation performed by Dr. Marc Hillbrand, Ph.D., a Yale psychologist retained by defense. Doc. No. 25 at 1; Doc. No. 27-1 at 2. However, Dr. Hillbrand's report does not address Lindsay's competency to stand trial. *See generally* Doc. No. 27-1.

The right of an incompetent defendant not to stand trial is secured by the Due Process Clause of the United States Constitution. *See United States v. Kerr*, 752 F.3d 206, 215 (2d Cir. 2014). That constitutional right is further "safeguarded by 18 U.S.C. § 4241, which requires the district court, upon its own motion if necessary, to hold a competency hearing 'if there is a reasonable cause to believe that the defendant may presently . . . [be] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Id.* (quoting 18 U.S.C. § 4241(a)). Before a hearing

1

to determine the competency of a defendant, a court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."  18 U.S.C. § 4241(b).

For a court to determine competency, the court must determine "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *Dusky v. United States*, 362 U.S. 402, 402 (1960).   Next, the court must determine "whether [the defendant] has a rational as well as factual understanding of the proceedings against him."  *Id.*

I find there is "reasonable cause to believe that [Lindsay] may presently . . . [be] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *Kerr*, 752 F.3d at 215 (quoting 18 U.S.C. § 4241(a)).

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 4241(b) and 18 U.S.C. § 4247, defendant Marques Lindsay shall be evaluated for competency to stand trial by Dr. Hillbrand or another qualified medical professional and that the government pay the cost of that competency evaluation.   The evaluation shall take place at the Donald W. Wyatt Detention Facility.

IT IS HEREBY ORDERED that the competency evaluation comport with the requirements in 18 U.S.C. § 4247(b)-(c) and include an analysis of:   (1)  whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and to understand the nature and consequences of the proceedings against him; and (2) whether the defendant has a rational as well as factual understanding of the proceedings

against him sufficient to permit him to assist properly in his defense.

IT IS HEREBY ORDERED that a copy of the competency evaluation report shall be filed within 45 days, on or before **June 30, 2025**, and the Court shall thereafter schedule a further hearing to consider competency.  For Speedy Trial Act purposes, the Court hereby excludes the time from the date of this order to the date that the Court makes a further determination whether Lindsay is competent to proceed.  The Court notes that this time period is automatically excluded under the Speedy Trial Act.  "The Speedy Trial Act provides for the automatic exclusion of time spent performing a competency determination.  18 U.S.C. § 3161(h)(1)(A)." *United States v. Houston*, 603 F. App'x 7, 8 (2d Cir. 2015).  The Court further concludes that the ends of justice served by taking such action outweigh the best interest of the public and the defendant Lindsay in an earlier trial date, and the Court has considered each of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), including principally the time that is reasonably needed for the defense of this matter.

It is so ordered.

Signed this 16 day of May 2025 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge